**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BOBRA POWELL,

    Petitioner,

vs.                                               Case No.:    3:14-cv-893-J-32MCR
                                                                               3:09-cr-190-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

This case is before the Court on Petitioner Bobra Powell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1),[1] Supporting Memorandum (Civ. Doc. 2), and supplemental claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) (Civ. Doc. 15). The United States moved to dismiss the Motion to Vacate as untimely (Civ. Doc. 5), and Petitioner responded (Civ. Doc. 6). The United States has also responded to Petitioner's supplemental Johnson claim (Civ. Doc. 21), and Petitioner has replied (Civ. Doc. 22).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition. See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts

---

[1] Citations to the record of the underlying criminal case, United States vs. Bobra Powell, Case No. 3:09-cr-190-J-32MCR, will be denoted as "Crim. Doc. __." Citations to the record of the civil § 2255 case, Case No. 3:14-cv-893-J-32MCR, will be denoted as "Civ. Doc. __."

allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's motion to vacate is due to be denied.

## I. Background

On July 8, 2009, a grand jury indicted Petitioner on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Indictment identified several prior felony convictions, all obtained in the State of Florida. Three of those prior convictions were for: (1) aggravated battery (involving a deadly weapon or bodily harm); (2) the sale of cocaine; and (3) another sale of cocaine offense. (Crim. Doc. 1, Indictment at 1-2). Based on the prior convictions, the Indictment alleged that Petitioner was an armed career criminal under 18 U.S.C. § 924(e). (Id. at 2).

Petitioner pled guilty, without a plea agreement, to the charge of being a felon in possession. (Crim. Doc. 39, Plea Transcript at 10-19). He reserved an objection to whether he was eligible for the ACCA's 15-year mandatory minimum. (Id.).

At the sentencing hearing, Petitioner contested whether the Court should sentence him as an armed career criminal. (Crim. Doc. 40, Sentencing Transcript at 5-12). Petitioner argued that the Court should not sentence him under the ACCA because: (1) he had the right under the Fifth and Sixth Amendments to have a jury, rather than the judge, determine whether he had the prior convictions necessary to qualify for the ACCA's 15-year mandatory minimum; (2) the presentence investigation report (PSR) described the circumstances of the prior convictions, in part, based on

information taken from non-Shepard-approved[2] sources; (3) the Court should not treat Petitioner's two prior convictions for the sale of cocaine as having been committed on separate occasions; and (4) Petitioner's prior conviction for aggravated battery did not qualify as a "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(B). The Court overruled Petitioner's first three objections because case law foreclosed Petitioner's first and third arguments, and because the government produced Shepard-approved documents to prove each of the prior convictions (in this case, the charging instrument and judgment). (Id. at 5-12, 17-20). After examining the judgment and the pertinent statute, the Court also determined that Petitioner's prior conviction for aggravated battery, in violation of Sections 784.045(1)(a)1 and (1)(a)2, Florida Statutes, was a "violent felony." (Crim. Doc. 40 at 19-20). However, the Court did not specify at the time whether the conviction qualified under the ACCA's "elements clause," 18 U.S.C. § 924(e)(2)(B)(i), or the "residual clause," § 924(e)(2)(B)(ii). (Crim. Doc. 40 at 19-20). Having determined that Petitioner qualified to be sentenced as an armed career criminal (id. at 20), the Court sentenced him to the mandatory minimum term of 180 months (id. at 27).

Petitioner filed a timely notice of appeal. (Crim. Doc. 36). Petitioner "contend[ed] the district court violated his Fifth and Sixth Amendment rights by judicially determining that his prior [sale-of-cocaine] convictions were 'committed on occasions different from one another,' as required for sentencing under the ACCA." United States v. Powell, 417 F. App'x 926, 927 (11th Cir. 2011). The Eleventh Circuit

---

[2] Shepard v. United States, 544 U.S. 13 (2005).

3

concluded that this Court, relying on Shepard-approved documents, properly determined that Petitioner's sale-of-cocaine offenses were committed on separate occasions, and thus they counted as separate predicate convictions. Id. at 928 & n.4. Accordingly, the court affirmed Petitioner's sentence.

Petitioner thereafter requested certiorari review from the Supreme Court, which the Supreme Court denied on October 3, 2011. Powell v. United States, 132 S. Ct. 172 (2011).

## II. Petitioner's Motion to Vacate and Supplemental Claim

Petitioner's conviction and sentence became final on the date the Supreme Court denied his request for certiorari review. See Zack v. Tucker, 704 F.3d 917, 918 (11th Cir. 2013) ("Zack's convictions and sentence became final when the United States Supreme Court denied his petition for a writ of certiorari."). Under 28 U.S.C. § 2255(f)(1), Petitioner had one year from that date, or until October 3, 2012, to file a timely motion to vacate. Petitioner filed the motion to vacate on June 16, 2014 (see Doc. 1 at 6), and he filed the supplemental claim based on Johnson on June 24, 2016 (see Doc. 15). Petitioner contends that both the original Motion to Vacate and the supplemental claim are timely under 28 U.S.C. § 2255(f)(3)[3] because he filed them, respectively, within one year of the Supreme Court's decisions in Descamps v. United

---

[3] Pursuant to 28 U.S.C. § 2255(f)(3), a prisoner may file a motion to vacate within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

4

States, 133 S. Ct. 2276 (June 20, 2013), and Johnson, 135 S. Ct. 2551 (June 26, 2015). (Civ. Doc. 6 at 1-2; Civ. Doc. 15 at 5).

In the Motion to Vacate, Petitioner contends that the Court erred in treating his two prior convictions for the sale of cocaine as ACCA "serious drug offenses." (Civ. Doc. 1 at 4; Civ. Doc. 2 at 3-8). Petitioner argues that a conviction for the sale of cocaine, under Florida law, is not categorically a "serious drug offense" because Florida law does not require proof that the defendant knew of the illicit nature of the controlled substance. (Civ. Doc. 2 at 5-8) (relying on Descamps, 133 S. Ct. 2276, and Donawa v. Attorney General, 735 F.3d 1275 (11th Cir. 2013)).

In the supplemental claim, Petitioner argues that he was unlawfully sentenced under the ACCA in light of Johnson, 135 S. Ct. 2551. Petitioner contends that his aggravated battery conviction no longer qualifies as a "violent felony," and as such, he has fewer than the three prior convictions needed to qualify under the ACCA.

### III. Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will

5

warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A challenge to the ACCA enhancement is cognizable on collateral review because if the prisoner was improperly given the ACCA's 15-year mandatory minimum, his sentence necessarily exceeds the 10-year statutory maximum that would otherwise apply. Spencer v. United States, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc) ("We can collaterally review a misapplication of the Armed Career Criminal Act because, unlike an advisory guideline error, that misapplication results in a sentence that exceeds the statutory maximum.").

### A. The Motion to Vacate

Petitioner contends that his two prior convictions for the sale of cocaine, in violation of Fla. Stat. § 893.13(1)(a)(1), do not qualify as ACCA "serious drug offenses" because Florida law does not require proof that Petitioner knew the illicit nature of the controlled substance. Although the United States contends this claim is untimely (see Doc. 5), the Court finds it equally straightforward to dispose of this claim on the merits.

Petitioner relies on the Eleventh Circuit's opinion in Donawa, 735 F.3d 1275, where the court held that section 893.13(1)(a)(2) was not a "drug trafficking aggravated felony" under the Immigration and Nationality Act of 1965, 8 U.S.C. § 1227(a), because Florida law does not require proof that the defendant knew the illicit nature of the controlled substance. As the Eleventh Circuit explained in United States v. Smith, 775 F.3d 1262 (11th Cir. 2014):

6

> The [Immigration and Nationality] Act provided that "drug trafficking crime[s]" were "aggravated felon[ies]," 8 U.S.C. § 1101(a)(43)(B), and the Act broadly defined "drug trafficking crime" as "any felony punishable <u>under the Controlled Substances Act</u>[,] 21 U.S.C. [§ ] 801 <u>et</u> <u>seq</u>.[,] <u>the Controlled Substances Import and Export Act</u>[,] 21 U.S.C. [§ ] 951 <u>et</u> <u>seq</u>.[,] <u>or chapter 705 of title 46</u>," 18 U.S.C. § 924(c). We ruled that the "federal analogue," 21 U.S.C. § 841(a)(1), to the Florida statute, Fla. Stat. § 893.13(1)(a)(2), supplied the elements of the "generic federal definition" of "drug trafficking crime." <u>Donawa</u>, 735 F.3d at 1280–81 (internal quotation marks and citation omitted). We held that the Florida statute was not a "drug trafficking aggravated felony" <u>because the federal analogue included an element of mens rea</u> with respect to the illicit nature of the controlled substance and the Florida statute did not. <u>Id.</u> at 1281.

<u>Smith</u>, 775 F.3d at 1267 (emphases added).

In <u>Smith</u>, however, the Eleventh Circuit rejected the very argument Petitioner advances here: that Fla. Stat. § 893.13(1)(a)(1) does not qualify as an ACCA "serious drug offense" because it lacks a <u>mens rea</u> requirement regarding the illegal nature of a substance. 775 F.3d at 1267. The Eleventh Circuit explained that "[n]o element of <u>mens rea</u> with respect to the illicit nature of the controlled substance is expressed or implied" by the <u>ACCA's</u> definition of "serious drug offense." <u>Id.</u> As such, the court concluded that "[s]ection 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of <u>mens rea</u> with respect to the illicit nature of the controlled substance." <u>Id.</u> at 1268.

Accordingly, <u>Smith</u> forecloses the argument Petitioner raises in the Motion to Vacate. Even if section 893.13(1)(a)(1) does not require proof that the defendant knew the illicit nature of a controlled substance, a conviction under that statute still

7

qualifies as a "serious drug offense" for purposes of the ACCA. Accordingly, this claim is due to be denied.

### B. Supplemental claim pursuant to Johnson, 135 S. Ct. 2551

The ACCA has three clauses that define the term "violent felony." First, § 924(e)(2)(B)(i) covers any prior conviction that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause." Next, § 924(e)(2)(B)(ii) covers any prior offense that "is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." The first nine words of that subsection are called the "enumerated offenses clause," and the last 15 words, which are emphasized above, constitute the "residual clause."

In Johnson, 135 S.Ct. 2551, the Supreme Court held that the "residual clause" is unconstitutionally vague.[4] However, the Supreme Court noted that the other definitions of the term "violent felony" remain intact. Johnson, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Petitioner contends that he was improperly sentenced under the ACCA in light of the Supreme Court's decision in Johnson, 135 S. Ct. 2551, which held that the "residual clause" is unconstitutionally vague. Petitioner argues that aggravated battery, under Florida law, also does not qualify as an ACCA predicate offense under

---

[4] The Supreme Court also held that Johnson's holding is a new substantive rule of constitutional law that applies retroactively on collateral review. Welch v. United States, ─── U.S. ───, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016).

8

the "enumerated offense" clause or the "elements clause." Without the aggravated battery conviction, Petitioner would have only two predicate convictions remaining – for the sale of cocaine – which would not be enough to render him eligible for the ACCA enhancement.

Johnson does not entitle Petitioner to relief. A conviction for aggravated battery, in violation of either Sections 784.045(1)(a)1 or (1)(a)2, still qualifies as a "violent felony" under the "elements clause."

Section 784.045, Florida Statutes, defines "aggravated battery" as follows:

(1)(a) A person commits aggravated battery who, in committing battery:

1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or

2. Uses a deadly weapon.

(b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.

Fla. Stat. § 784.045(1). Thus, the statute describes three different ways to commit aggravated battery: (1) by intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement in the course of committing battery; (2) by using a deadly weapon in the course of committing battery; or (3) by committing simple battery upon a pregnant woman. Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1341 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S. Ct. 2551.

Petitioner's aggravated battery conviction was not for battery upon a pregnant woman, because the judgment of conviction cites §§ 784.045(1)(a)1 and (1)(a)2 – the

9

subsections dealing with causing great bodily harm, permanent disability, or permanent disfigurement and using a deadly weapon. (See Crim. Doc. 40 at 14).[5]

In at least two published decisions, the Eleventh Circuit Court of Appeals has directly held that a conviction for aggravated battery under Sections 784.045(1)(a)1 or (1)(a)2 qualifies as a "violent felony" under the "elements clause." In re Rogers, 825 F.3d 1335, 1341 (11th Cir. 2016); Turner, 709 F.3d at 1341. In other words, "[i]ntentionally or knowingly caus[ing] great bodily harm, permanent disability, or permanent disfigurement" or "[u]s[ing] a deadly weapon" in the course of committing a battery necessarily involves "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added).

Petitioner argues that in determining whether aggravated battery is a violent felony under the elements clause, the Court must use only the "categorical approach." (Civ. Doc. 22 at 2). And, Petitioner argues, because aggravated battery can conceivably be committed without the actual use of violent force, under the "least culpable act" rule, the Court must hold that aggravated battery categorically is not a violent felony. (Id. at 2-4).[6]

---

[5] Additionally, Petitioner does not dispute that his aggravated battery conviction was pursuant to §§ 784.045(1)(a)1 and (1)(a)2.

[6] Petitioner cites as an example a case where a defendant was convicted of aggravated battery because he held, but did not use, a deadly weapon while committing a battery. (Id. at 3) (citing Severance v. State, 972 So. 2d 921 (Fla. 4th DCA 2007)). Petitioner argues that because Florida law does not require that the deadly weapon touch the victim, aggravated battery can be committed without the use of violent force, and as such, does not qualify under the elements clause.

Petitioner ignores that a crime need not involve the actual use of force to qualify as a violent felony under the elements clause. A crime is also violent felony under the elements clause if it involves the attempted use or threatened use of force. 18 U.S.C

10

Petitioner's argument is a creative effort to sidestep the Eleventh Circuit's on-point holdings in Turner and In re Rogers that a conviction for aggravated battery under §§ 784.045(1)(a)1 and (1)(a)2 (for intentionally causing great bodily harm and using a deadly weapon, respectively) is a violent felony under the elements clause. Moreover, the argument ignores that the Eleventh Circuit has described § 784.045(1) as a divisible statute (meaning a court can use the modified categorical approach to ascertain which subsection a defendant was convicted under). Turner, 709 F.3d at 1341 (setting forth three alternative elements of aggravated battery before concluding that the modified categorical approach applies); Dixon v. United States, 588 F. App'x 918, 922 (11th Cir. 2014) (describing § 784.045 as divisible, applying the modified categorical approach to rule out a conviction for simple battery upon a pregnant woman, and concluding that Dixon's conviction for aggravated battery involving the use of a deadly weapon was a violent felony under the elements clause).

Petitioner also argues that reliance on Turner is misplaced because it was decided before Descamps. In Descamps, the Supreme Court reminded lower courts that they are only to use the modified categorical approach when a statute is divisible, i.e., the statute sets forth alternative elements. 133 S. Ct. at 2283. However, Descamps does not undermine Turner because § 784.045(1) is divisible (as the Eleventh Circuit has said), and as such, the modified categorical approach applies. Indeed, the Eleventh Circuit has continued to rely on Turner, even after Descamps. See In re Rogers, 825

---

§ 924(e)(2)(B)(i). Without a doubt, wielding a deadly weapon while committing battery at least qualifies as involving the threatened use of violent force even if it never touches or actually harms the victim.

11

F.3d at 1341 (citing Turner, 709 F.3d at 1341, for the proposition that an aggravated battery conviction is a violent felony under the elements clause); United States v. Razz, — F. App'x —, 2017 WL 631655, at * 4 (11th Cir. Feb. 16, 2017) (same); Dixon, 588 F. App'x at 922 (same);

Because Petitioner's prior conviction for aggravated battery still qualifies as a "violent felony," even without the "residual clause," the Supreme Court's decision in Johnson does not afford him relief. Accordingly, Petitioner's supplemental claim is due to be denied.

In light of the foregoing, it is hereby

**ORDERED:**

1. Petitioner Bobra Powell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Doc. 1), as supplemented (see Civ. Doc. 15) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Bobra Powell, and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of April, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record
Petitioner Bobra Powell